## Commonwealth, to use, v. Piel Construction Company and Maryland Casualty Company.

*Practice, C. P.—Removal of case to Federal court—Receivers—Signature to petition for removal—Bond—Signature to bond.*

1. In an action against a Pennsylvania corporation and its surety, a foreign surety company, where it appears that the corporation is insolvent and in the hands of a trustee in bankruptcy, a petition to remove the case to the Federal court, signed by the trustee in bankruptcy and by the surety company, will not be refused because it did not appear that the trustee in bankruptcy had leave of the bankruptcy court to file the petition.

2. Nor will the petition be dismissed because the bond for costs given by the two defendants was not signed by the corporation as principal.

3. In such case, as the corporation was bankrupt and the surety company was alone responsible, it was immaterial whether the corporation signed the petition or the bond.

*Assumpsit.* Petition by the defendants to remove the case to the United States District Court. C. P. Snyder Co., Oct. T., 1925, No. 178.

*C. P. Ulrich, E. E. Pawling* and *J. Fred Scheffer,* for plaintiff.

*Knight & Taggart,* for defendants.

POTTER, P. J., Dec. 28, 1925.—Suit was brought by the plaintiff against the defendants, the subject of which is not material to the questions before us. A statement of claim was in due form and time filed by the plaintiff. The time for the filing of an affidavit of defence had not yet elapsed when, on Oct. 5, 1925, the defendants filed a petition asking to have the proceedings removed to the United States District Court for the Middle District of Pennsylvania.

Wishing to be better informed as to the reasons therefor as well as to other matters germane to this application, on the presentation of this petition, we granted a rule on the plaintiff to show cause why the prayer of the petition should not be granted, returnable *sec. leg.*, all further proceedings to be in the meanwhile stayed, and the filing of the affidavit of defence to await the further order of this court.

In due time the said rule was argued, and is now before us for disposition.

It is admitted that the residence of the use-plaintiff is Selinsgrove, Snyder County, Pennsylvania, and that of the defendants is in the State of Maryland, as well as that the amount in controversy exceeds the sum of $3000. These facts of themselves, *prima facie,* give the United States District Court jurisdiction, and if there were no other controverted facts or matters involved, it would be our duty to order the removal of the case as prayed for without further discussion, provided the various legal requirements incident thereto were complied with.

We think the petition sets out the necessary jurisdictional facts, but it is claimed by the plaintiff that neither the petition nor the bond are properly executed.

The petition purports to be made by both these defendants, is signed by P. F. Proctor as Vice-President of the Maryland Casualty Company and is sworn to by him. It is also signed by Frederick J. Singley, as trustee in bankruptcy for the Piel Construction Company.

By way of explanation, we might say that about a year ago, or possibly more, the Piel Construction Company became bankrupt and is hopelessly insolvent. So far as this company is concerned, because of their insolvency, it makes little or no difference as to the ultimate outcome of this suit. Its surety, the Maryland Casualty Company, must make good any verdict that

may be recovered by the plaintiff in this suit. So that, as concerns the Piel Construction Company, it is only nominally a party defendant. Its surety is in reality the defendant in this suit.

It is contended that this trustee in bankruptcy had no legal right to sign this petition, except by leave of the bankrupt court, and, having done so without such leave, his signature thereto goes for nothing.

From a legal viewpoint, in our judgment, this trustee is the legal representative of the Piel Construction Company, and acts for it and in its stead. No one else can act for it. We naturally presume his acts are within the scope of his authority. We cannot inquire whether he had the authority of the bankrupt court to sign this petition or not. That is a matter of record, no doubt, in another court with which we have nothing to do. We presume he took the proper legal steps in signing the petition, and, therefore, regard his signature thereto legal and in due form. And from our view of the character of the company he represents, meaning no disrespect whatever, it would in reality make little or no difference whether he signed the petition or not.

It is also set up by the plaintiff that the bond given by the defendants upon making this application is defective, in that it is not signed by the Piel Construction Company. As we have hereinbefore said, the Piel Construction Company is bankrupt, and its bond, so far as it is concerned, is worthless. Why, then, should the signature of this company be a necessity on this bond? The bond is given as security for payment of costs in the United States District Court, should it be made to appear that the case should be remanded. How could any part of the bond be collected from the Piel Construction Company, insolvent as it is? The bond is executed by the Maryland Casualty Company as principal and by the Fidelity and Deposit Company of Maryland as surety. What better security could be given? Why would any better be desired?

We regard the Maryland Casualty Company as the principal in these proceedings. They must foot the bill all the way through. They must make payment, if any is to be made, and we think they have complied with the legal requirements incident to this proceeding. And, we might add, that we think all legal requirements have been met.

It would be a vain and useless thing to accept a bond from the Piel Construction Company, or to require them to sign the bond, with the expectation of ever realizing on it, and we do not think the law requires vain and useless things in any kind of litigation.

We have nothing before us in any way indicating that the defendants filed any paper anywhere waiving their right to the removal of this case, as was said at the argument of the rule, wherefore this question is not before us.

We also think the affidavit to the petition, sworn to by the Vice-President of the Maryland Casualty Company, sufficiently verified.

We have reviewed with care and interest the citations of authorities presented to us by both sides, which lead us to conclude that the defendants, in their application for removal, as well as the various steps incident thereto, have complied with the legal requirements, by reason of which, in our judgment, the rule must be made absolute.

And now, to wit, Dec. 28, 1925, in accordance with our views hereinbefore expressed, the rule is made absolute, the bond with the surety thereon is approved, and it is ordered that the records in this case be removed to the United States District Court for the Middle District of Pennsylvania for disposition and trial.